

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-2-2008

# Hughes v. Bethlehem

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2349

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Hughes v. Bethlehem" (2008). *2008 Decisions.* Paper 422.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/422

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 07-2349

—————

CATHERINE E. HUGHES,

Appellant

v.

CITY OF BETHLEHEM; JEAN ZWEIFEL;
MAYOR JOHN CALLAHAN; DENNIS REICHARD

—————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 05-cv-05444)
District Judge: Hon. Lawrence F. Stengel

—————

Submitted under Third Circuit LAR 34.1 (a)
on April 11, 2008

Before: SMITH, HARDIMAN and ROTH, <u>Circuit Judges</u>

(Opinion filed: October 2, 2008)

—————

O P I N I O N

—————

**ROTH,** <u>Circuit Judge</u>**:**

Catherine Hughes brought an action in U.S. District Court against her former employer, the City of Bethlehem, its mayor, its director of human resources, and its business administrator (collectively referred to as "the City"). She alleged employment discrimination based on her gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*; employment discrimination based on her having a disability, *i.e.*, type II diabetes, in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 1210, *et seq.*; unlawful retaliation for seeking an accommodation under the ADA, as well as for having reported harassment under Title VII; a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*; a deprivation of procedural due process under the Fourteenth Amendment in violation of 42 U.S.C. § 1983; and a violation of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601. The District Court granted summary judgment in favor of the City on all causes of action. We have carefully reviewed the record in this appeal, and we conclude that the District Court did not err in granting summary judgment. Accordingly, we will affirm the judgment of the District Court.

## I. BACKGROUND

Because we write primarily for the parties who are familiar with this case, we only briefly recite the facts.

Hughes began working with the City of Bethlehem as a Water Control Room

Operator in July 2001. In September 2003, Hughes, a diabetic, traveled to Las Vegas, Nevada, for vacation and to have her lips and eyebrows permanently tattooed for cosmetic reasons. Her vacation was planned one month in advance. She was scheduled to work on two days of her trip. She called in sick on these two days.[1] The City became aware that Hughes was improperly using sick leave when an anonymous note was sent to the Mayor. Upon Hughes's return, City officials held a meeting with her. She lied to the officials and informed them that she had not been in Las Vegas but had been sick in bed at her boyfriend's house. She also produced a note, allegedly from her doctor, confirming her illness. Hughes was suspended without pay, pending an investigation by the City. Upon conclusion of the investigation, the City determined that Hughes did in fact lie to the City about her whereabouts. She was terminated for dishonesty in accordance with the union's collective bargaining agreement with the City. Hughes filed a grievance. The union refused to prosecute the grievance because Hughes admitted lying both to the City and to her union; the collective bargaining agreement specifically provided that dishonesty is "just cause" for termination.

On August 24, 2005, Hughes filed suit in state court; the action was removed to federal court. The City filed a motion for summary judgment on August 31, 2006. On

---

[1] Hughes was not scheduled to work from September 19-23, 2003. She was scheduled to report back to work on September 24 and then to work on September 25-26. Hughes originally intended to return to Pennsylvania on September 25 and to report to work on September 26.

March 28, 2007, the District Court granted summary judgment in favor of the City on all of Hughes's claims and dismissed the action. Hughes appealed.

## II. DISCUSSION

We have jurisdiction over the appeal under 28 U.S.C. § 1291 and exercise plenary review over the District Court's decision to grant summary judgment. *McGreevey v. Stoup*, 413 F.3d 359, 363 (3d Cir. 2005). Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). A court reviewing a summary judgment motion must evaluate the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Brewer v. Quaker State Oil Ref. Corp.*, 72 F.3d 326, 330 (3d Cir. 1995). However, a party opposing summary judgment "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

On appeal, Hughes argues that the District Court improperly granted summary judgment in favor of the City on each of her claims. She contends that (1) the City violated her rights under Title VII by terminating her due to her gender and in retaliation for her reporting harassment by a co-worker; (2) the City violated her rights under the

4

ADA by terminating her because of her disability, *i.e.*, type II diabetes, and in retaliation for seeking accommodations for such disability; (3) she was deprived of procedural due process in violation of the Fourteenth Amendment; and (4) the City violated her rights under the FMLA by interfering with her right to take statutorily-protected leave and taking adverse employment action against her for taking time off from work.

### A. Title VII Claims

Discrimination and retaliation claims brought under Title VII must be analyzed according to the burden-shifting framework set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and later clarified in *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981) and *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993). *See also Moore v. City of Philadelphia*, 461 F.3d 331, 342 (3d Cir. 2006) (explaining that Title VII retaliation claims, like discrimination claims, are similarly analyzed under the *McDonnell Douglas* framework).

A *prima facie* case of discrimination under Title VII is demonstrated by showing that a plaintiff (1) is a member of a protected class, (2) performed the duties required by her position in a satisfactory manner, (3) suffered an adverse employment action, and (4) was treated less favorably than similarly-situated non-members of the protected class. *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 539 (3d Cir. 2006). A *prima facie* case of retaliation is demonstrated by showing that "(1) [a plaintiff] engaged in activity protected by Title VII; (2) the employer took an adverse

employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action." *Nelson v. Upsala Coll.*, 51 F.3d 383, 386 (3d Cir. 1995).

Based on our review of the record, we conclude that Hughes failed to establish a *prima facie* case of gender-based employment discrimination and that her retaliation claim fails because she presented no evidence showing that the City's reason for firing her was merely pretext. Hughes presented no evidence that any male employee of the City improperly took sick leave, lied to the City about the circumstances surrounding the sick leave, and then attempted to cover up his whereabouts to the City administration.

Furthermore, although the temporal proximity between Hughes' complaint to a supervisor about a co-worker's discriminatory statements and her suspension one month later might be sufficient to establish a *prima facie* case for retaliation, we agree with the District Court that the City has articulated a legitimate, nondiscriminatory reason for termination, *i.e.*, dishonesty, and that Hughes has failed to proffer evidence demonstrating that such reason was merely a pretext for discrimination or retaliation. *See Hicks*, 509 U.S. at 506-08. Accordingly, such claims were properly dismissed by the District Court.

**B. ADA Claims**

As with Title VII claims, we analyze ADA discrimination and retaliation claims using the burden-shifting framework of *McDonnell Douglas*. *See Shaner v. Synthes*, 204 F.3d 494, 500 (3d Cir. 2000). Because Hughes has not presented sufficient evidence to

show that she is a disabled person within the meaning of the ADA or that she engaged in protected activities under the ADA, Hughes cannot establish a *prima facie* case of disability employment discrimination or retaliation. Hughes presents no evidence demonstrating that, because of her type II diabetes, she is substantially limited in the types of activities "that are of central importance to daily life." *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 197 (2002). Nor does she present any evidence that she made any ADA charges against the City prior to being terminated or that she made the City aware that she required additional accommodations for her diabetes.[2] *See* 42 U.S.C. § 12203(a); *see also Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 701-02 (3d Cir. 1995). Accordingly, it was proper for the District Court to dismiss Hughes' ADA claims.

### C. Section 1983 Procedural Due Process Claim

We agree with the District Court that Hughes failed to make out a claim against the City that she was deprived of procedural due process in violation of 42 U.S.C. § 1983. Hughes had a protected property interest in her employment with the City by virtue of the collective bargaining agreement which included a "for cause" termination provision. *See Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972); *see also Linan-Faye Const. Co. v. Housing Auth.*, 49 F.3d 915, 932 (3d Cir. 1995). However, because (1) an

---

[2] The record shows that, in January 2002, Hughes requested a locker in which to store her syringes, and such request was promptly granted by the City. Moreover, Hughes testified that she did not ask her department head or the City for additional accommodations.

7

adequate grievance-arbitration procedure was in place at the time Hughes was terminated, *see Dykes v. Southeastern Pennsylvania Transportation Authority*, 68 F.3d 1564, 1565 (3d Cir. 1995), (2) she availed herself of such procedure, *see id.*, and (3) she failed to allege that the City interfered with the union's decision not to carry the matter to arbitration, *see Jackson v. Temple Univ.*, 721 F.2d 931, 933 (3d Cir. 1983), it cannot be said that the City deprived her of her procedural due process rights. Accordingly, we conclude that Hughes' Section 1983 claim was properly dismissed by the District Court.

### D. FMLA Claims

Hughes' FMLA "interference" claim is based on a purported violation of 29 U.S.C. § 2615(a)(1), which provides that an employer may not "interfere with, restrain, or deny the exercise of or the attempt to exercise" any entitlement guaranteed by the FMLA. In order to state a claim for interference, an employee must show that she provided at least verbal notice sufficiently apprising the employer of her need for FMLA-qualifying leave and the expected timing and duration of such leave. 29 C.F.R. § 825.302(c). If an employee needs to take foreseeable FMLA leave, she is required to give thirty days advance notice to her employer. *Id.* at § 825.302(a). If this is not practicable, then such notice must be provided "as soon as practicable." *Id.*

Based on the record before us, we find no evidence that Hughes gave the City notice that she needed to take an FMLA-qualifying leave. We agree with the District Court that there is no reason why Hughes could not have notified the City of the need for

8

FMLA leave either from Las Vegas or when she returned to Pennsylvania. Accordingly, Hughes' interference claim under the FMLA was properly dismissed.

Hughes' claim of retaliation in violation of the FMLA is based on an alleged violation of 29 U.S.C. § 2615(a)(2), which prohibits an employer from "discharg[ing] or in any other manner discriminat[ing] against any individual for opposing any practice made unlawful by this subchapter." Because FMLA retaliation claims are subject to the *McDonnell Douglas* burden-shifting framework, Hughes must initially establish a *prima facie* case of retaliation by demonstrating that (1) she took an FMLA leave, (2) she suffered an adverse employment decision, and (3) there is a causal connection between the adverse employment decision and the FMLA leave. *Conoshenti v. Public Svc. Electric & Gas Co.*, 364 F.3d 135, 146 (3d Cir. 2004). However, because Hughes has not presented evidence showing that the City's proffered legitimate, non-discriminatory explanation for her termination was merely pretext, her claim must fail. Accordingly, the District Court properly dismissed her claim of retaliation under the FMLA. *See Hicks*, 509 U.S. at 507-08.

## III. CONCLUSION

After thoroughly reviewing the record, we conclude that the District Court properly determined that Hughes did not demonstrate the existence of a genuine issue of material fact with regard to any of her claims. Based on the foregoing, we will affirm the judgment of the District Court.

9